IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHENZHEN YIMA TECHNOLOGY CO. LTD. dba NOVKIN DIRECT,<br><br>*Plaintiff*,<br><br>v.<br><br>MING D&Y INC.,<br><br>*Defendant*. | Civil Action No. 3:25-cv-817<br><br>JURY DEMAND |

## ORIGINAL COMPLAINT

Plaintiff Shenzhen Yima Technology Co. Ltd. dba Novkin Direct ("Plaintiff" or "Novkin") primarily seeks a declaratory judgment of patent non-infringement of certain LED dog collars as defined herein ("Accused Products") and unenforceability against United States Patent No. 9,488,325 ("Patent").

### INTRODUCTION

1. Over the past twenty years, online retailing has revolutionized how foreign companies reach American consumers. The rise of electronic marketplaces combined with a dramatic increase in transport speed and improved logistic networks has allowed even relatively small companies to compete globally. These developments have generally increased competition and lowered prices.

2. The web domain "Amazon.com" hosts the Amazon Marketplace and its millions of product listings; it is United States specific and targets American consumers. For an online retailer to effectively compete in the United States, it must sell on the Amazon Marketplace. According to bigcommerce.com, "Each month more than 197 million people around the world get on their devices and visit Amazon.com. That's more than the entire population of Russia. In 2018,

Amazon's share of the US e-commerce market hit 49%... that is more than Amazon's top three competitors combined, with eBay coming in at 6.6%, Apple at 3% and Walmart at 3.7%."

3. Nine out of ten American consumers use Amazon to price check products they find elsewhere, and roughly 95 million people have Amazon Prime memberships in the United States. Facing the considerable challenges of managing this sprawling hive of commercial activity, Amazon, Inc. established intellectual property complaint and enforcement systems for Amazon.com primarily designed to protect itself from contributory infringement liability. These include a patent infringement reporting mechanism and a binding pseudo-arbitration evaluation procedure currently known as the Amazon Patent Evaluation Express.

4. In sum, after Amazon receives a patent infringement complaint, it may unilaterally remove the accused listings as a violation of their policies. Once this happens, accused sellers are left with limited options to appeal or overturn the removal, including submitting a court order stating that the accused seller is allowed to sell the accused products and hence are not violating Amazon policy for each of the listings mentioned in a deactivation notification.

5. It is against this backdrop that Defendant Ming D&Y Inc. ("Defendant" or "Ming") reported to Amazon meritless and bad faith "Intellectual Property Violation" against the Accused Products, specifically alleging infringement of the Patent, and resulting in the delisting of the Accused Products. Defendant lodged the infringement complaint on Amazon despite failing to pay the statutorily required maintenance fees, which caused the Patent to expire months beforehand.

**NATURE OF THE ACTION**

6. This is an action for Declaratory Judgment of patent non-infringement and invalidity arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the United

States Patent Laws, 35 U.S.C. § 101 *et seq*. Plaintiff further brings a related state law claim for tortious interference.

7. As explained in detail herein, Defendant is asserting an expired Patent on Amazon, thereby causing significant harm to Plaintiff.

## PARTIES

8. Plaintiff is a type of foreign limited liability company organized under the laws of the People's Republic of China.

9. Based upon Defendants statements to the United States Patent and Trademark Office ("USPTO"), Defendant is a Canadian corporation located in British Columbia, Canada.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a) because it arises under the Patent Laws of the United States, 35 U.S.C. §§ 101 *et. seq*. Jurisdiction over the subject matter of this action is further provided under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court further has supplemental jurisdiction of the state law claim of tortious interference as it part f the same case or controversy.

11. Defendant is subject to this Court's personal jurisdiction pursuant to the due process clause of the Constitution and/or the Texas Long Arm Statute, due at least to Defendant's substantial business in this State and District, including: regularly conducting and soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from Texas residents.

12. Alternatively, Defendant is subject to this Court's personal jurisdiction pursuant to Fed. R. Civ. P. 4(k)(2).

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## THE ACCUSED PRODUCTS

14. Plaintiff is an e-commerce company selling various LED dog accessories on Amazon under the store name Novkin Direct (Seller ID: AT99M961HRPB5).

15. The Plaintiff storefront has earned a lifetime customer rating of 4.9 out of 5 stars.

16. The Accused Products at issue are the LED Dog Collars identified by ASIN Nos. B08Q86VTNN, B08LK553ND, B098XWJZ99, B098XX3SKC, B098XR96ZP, B098XX68Z9, B0CPP9KS2Q, and B0DHZS1XND. The listings for the Accused Products have earned strong customer reviews.

17. The Amazon marketplace constitutes Plaintiff's primary sales channel into the United States. To remain competitive in the United States market for shoe insoles, Plaintiff needs their products listed in the Amazon marketplace.

18. Defendant's ability to use Amazon infringement complaints as an inequitable injunction significantly harm Plaintiff. In addition to the direct effects of monetary losses, the delisting of products immediately results in lost sales numbers, product reviews, and product ratings, which are all important factors in determining their Amazon ranking. Amazon ranking is in turn important to product visibility in consumer searches and to Amazon's award of the "Amazon Choice" badge or the "Amazon Bestseller" designations which create a significant sales boost.

## UNITED STATES PATENT NO. 9,488,325

19. Defendant is the assignee of record of the Patent, attached as Exhibit A.

20. The Patent is entitled "Light Transmission" and generally discloses: "A light transmitting device is extremely adaptable and provides a great amount of light for a given battery power. A flexible elongated polymeric light transmitting element has first and second ends with at

least one LED immediately adjacent (e. g. touching but not embedded in) one or both of the ends so that light is efficiently transmitted from an LED along the light transmitting element. At least one battery powers the LED. A module including a printed circuit board, electrical switch, and the LED and battery, is positioned within a housing having open ends so that one or both ends of the light transmitting element receive light directly from an LED. A number of button batteries, or a rechargeable battery with USB port, may be mounted on the module, and the circuitry of the printed circuit board may include an integrated circuit." *Id.*

21.   The named inventors of the Patent are Jianming Dai of San Jose, California, and Banghui An of Guangdong, China. *Id.*

22.   The Patent was filed on February 4, 2015 and was issued on November 8, 2016. *Id*.

23.   Critically, the Patent expired or lapsed on November 8, 2024 due to the non-payment of maintenance fees, pursuant to 35 U.S.C. § 41 and 37 CFR § 1.362. *See* Exhibit B.

24.   Specifically, Defendant failed to pay the 7.5 year maintenance fee during the applicable payment window, which closed on November 8, 2024. *Id*.

25.   In the Official Gazette of the United States Patent and Trademark Office, dated January 7, 2025, Volume 1530, Number 1, the USPTO published a Notice of Expiration of Patents Due to Failure to Pay Maintenance Fee therein specifically stating that the Patent expired on November 8, 2024 due to the failure to pay maintenance fees. *See* Exhibit C.

26.   The USPTO previously sent a Maintenance Fee Reminder notice to the fee address or correspondence address on record: Jianming Dai, 23015 136 Ave., Maple Ridge, BC V4R 2R5, Canada.

**DEFENDANT**

27. Defendant develops and markets various LED lighted sporting goods and pet products. Typical items include LED lighted running belt, LED lighted slap armband, and LED lighted waist packs.

28. On or around February 6, 2025, Defendant, in bad faith, lodged a meritless Amazon infringement Complaint (Complaint ID: 17138860241) ("Complaint") against Plaintiff and the Accused Products.

29. Therein, Defendant identified the Patent as the intellectual property asserted.

30. Defendant further identified itself as the rights holder and provided their email as <bseenled@gmail.com>.

31. Amazon responded by quickly removing or delisting the Accused Products.

32. Defendant lodged the Complaint asserting the Patent with at least constructive knowledge, if not actual knowledge, that the Patent was lapsed or expired and unenforceable.

**CLAIM I: DECLARATORY JUDGMENT OF PATENT UNENFORCEABILITY**

33. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

34. An actual, continuing, and justiciable controversy exists between Plaintiff and Defendant as to the enforceability of the Patent, as evidenced by Defendant's allegations of infringement on Amazon, as set forth above.

35. Pursuant to the Declaratory Judgment Act, Plaintiff requests a judicial determination and declaration that the Patent is unenforceable for the failure to pay the statutorily required maintenance fees.

36. 35 U.S.C. § 41 and 37 CFR § 1.362(g) provide that if the required maintenance fee and any applicable surcharge are not paid in a patent requiring such payment, the patent will expire at the end of the 4th, 8th, or 12th anniversary of the grant of the patent depending on the first maintenance fee which was not paid.

37. If maintenance fees and any applicable surcharges are not paid, the patent protection lapses and the rights provided by a patent are no longer enforceable.

38. Under 35 U.S.C. § 41 and 37 CFR § 1.362, maintenance fees must be paid after grant at various windows around the 3.5, 7.5, and 11.5 year marks.

39. Defendant successfully paid the 3.5 year maintenance fee. *See* Exhibit B.

40. The 7.5 year maintenance fee window opened on November 8, 2023 and closed November 8, 2024. *Id.*

41. Defendant never paid the 7.5 year maintenance fee during the payment window. *Id.*

42. Therefore, the Patent expired on November 8, 2024, due to failure to pay the required maintenance fee and any applicable surcharge. *Id.*

43. Plaintiff requests a judicial declaration that the Patent is lapsed and expired, and, therefore, unenforceable.

**CLAIM II: DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

44. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

45. An actual, continuing, and justiciable controversy exists between Plaintiff and Defendant as to the non-infringement of the Patent by the Accused Products, as evidenced by Defendant's allegations of infringement on Amazon, as set forth above.

46. Pursuant to the Declaratory Judgment Act, Plaintiff requests a judicial determination and declaration that the Accused Products do not infringe and have not infringed, either directly or indirectly, literally or under the doctrine of equivalents, any claims of the Patent.

47. For example, the Accused Products do not comprise each and every element of exemplary claim 1 of the Patent. The following elements of claim 1 of the Patent are missing from the Accused Products: "wherein said positioning element comprises a housing having first and second ends and operatively connected through flexible thermoplastic material end caps at said first and second ends thereof to said first and second ends, respectively, of said light transmitting element;" "said printed circuit board mounts said LED battery, and switch together in an integral module, and wherein said module is mounted in said housing;" and "said first opening providing for ingress and egress of said module."

48. Specifically, the Accused Products do not comprise the claimed flexible thermoplastic material end caps for connecting of the light transmitting device. In contrast, the Accused Products utilize rigid, built-in metal locking tabs.

49. Specifically, the Accused Products further do not comprise the claimed printed circuit board, LED, battery, and switch as an integrated module. In contrast, the Accused Products utilize a split construction.

50. Specifically, the Accused Products further do not comprise the claimed first opening providing for ingress and egress of the module. In contrast, the Accused Products utilize analogous openings that are too small to provide for the ingress or egress of the module.

51. Further, as discussed herein, since the Patent has lapsed or expired and is unenforceable, there can be no infringement.

52. Plaintiff requests a judicial declaration that the Accused Products do not infringe any claims of the Patent.

### CLAIM III: TORTIOUS INTERFERENCE WITH CONTRACT AND BUSINESS RELATIONSHIP

53. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

54. By lodging the Complaint in bad faith with knowledge that the Patent was expired and unenforceable, and thereby knowingly asserting an expired Patent against Plaintiff, Defendant caused Amazon, who is and was in a contractual relationship with Plaintiff, to delist or remove the Accused Products in error.

55. Defendant knew that Plaintiff and Amazon had and have a contractual relationship related to the sale of the Accused Products.

56. Defendant willfully and intentionally committed acts, namely lodging the Complaint in bad faith, calculated to cause damage to Plaintiff in their lawful business, namely the sale of the Accused Products on Amazon.

57. Defendant had actual knowledge of the existence of the contract and of Plaintiff's interest in it, or knowledge of facts and circumstances that would lead a reasonable person to believe in their existence. For example, Defendant knew that Plaintiff operates and sells the Accused Products via the Amazon platform.

58. Defendant's acts were the proximate cause of the harm as Amazon removed the Accused Products in direct response to the bad faith Complaint.

59. As a result of Defendant's acts and the bad faith Complaint, Plaintiff has suffered damages in the form of lost sales, harm to business reputation, and harm to its Amazon health ranking.

60. Plaintiff prays for a finding and judgment against Defendant for tortious interference with contract and business relationship and an award of damages thereon.

## JURY DEMAND

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, demands a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court enter the following in favor of Plaintiff:

A. Preliminary and permanent injunctions ordering Defendant to withdraw all Amazon infringement complaints lodged against the Accused Products regarding the Patent, and to refrain from lodging any further infringement complaints regarding the same;

B. A finding and declaratory judgment that the Patent has lapsed or expired and is unenforceable;

C. A finding and declaratory judgment that the Accused Products do not infringe any claim of the Patent;

D. A finding and judgment that Defendant tortiously interfered with Plaintiff's contract and business relationship with Amazon and an award of damages thereon;

E. A finding and judgment that this case is exceptional and an award to Plaintiff of its costs, expenses, and reasonable attorney fees incurred in this action pursuant to 35 U.S.C § 285; and

F. Such further and additional relief as the Court deems just and proper.

Dated: April 3, 2025                          Respectfully submitted,

*/s/ Nicholas Najera*
Timothy Wang
Texas Bar No.: 24067927
Nicholas Najera
Texas Bar No.: 24127049

Ni, Wang & Massand, PLLC
8140 Walnut Hill Lane, Suite 615
Dallas, TX 75231
972-325-2220
twang@nilawfirm.com
nnajera@nilawfirm.com


*Counsel for Plaintiff*