UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SHENZHEN YIMA TECHNOLOGY §
CO. LTD d/b/a NOVKIN DIRECT, §
§
*Plaintiff,* §
§    Civil Action No. 3:25-CV-0817-X
v. §
§
MING D&Y INC., §
§
*Defendant.* §

## MEMORANDUM OPINION AND ORDER

Before the Court is defendant Ming D&Y Inc.'s Motion to Transfer Venue (Doc. 6). Having considered the underlying facts, the parties' arguments, and the applicable caselaw, the Court finds that the Northern District of Texas is an inappropriate venue. Accordingly, the Motion to Transfer is **DENIED**. Instead, the Court *sua sponte* concludes that this case should be dismissed for improper venue. The Court, therefore, **DISMISSES** this case without prejudice. The Court **GRANTS LEAVE** to the parties to file briefing stating their objections, if any, by September 24, 2025.

## I. Factual Background

Shenzhen Yima Technology Co. Ltd. (Yima) filed this lawsuit in the Northern District of Texas against Ming D&Y Inc. (Ming). Yima is a Chinese e-commerce company that sells dog accessories on Amazon. Ming is incorporated in California but has a Canadian mailing address, and it seeks to transfer the case to the Eastern District of Virginia. Earlier this year, Ming filed a report with Amazon that claimed

1

that Yima had used Amazon to infringe upon Ming's patent.  In response, Yima filed this action "for Declaratory Judgment of patent non-infringement and invalidity" as well as a "state law claim for tortious interference."[1]  Yima urges the Court to keep the case in the Northern District of Texas.

Other than Yima's Dallas attorneys, neither party indicates that it has a business interest in Texas beyond customers.  In other words, neither party has an office, owns property, or has another special connection to Texas.

## II. Legal Standard

Under 28 U.S.C. § 1404, a district court is authorized to "transfer any civil action to any other district or division where it might have been brought" for "the convenience of parties and witnesses, in the interest of justice[.]"[2]  A court may transfer a case under section 1404 "when venue [is] proper but another venue [is] more convenient."[3]  On the other hand, 28 U.S.C. § 1406 directs a district court to dismiss a case that is brought "in the wrong division or district."[4]  Alternatively, if it is "in the interest of justice," the district court may "transfer such case to any district or division in which it could have been brought."[5]

Venue is governed by 28 U.S.C. § 1391.  A defendant may be sued in the district where it "resides" or where "a substantial part of the events or omissions giving rise

---

[1] Doc. 1 at 2–3.

[2] 28 U.S.C. § 1404(a).

[3] *Franco v. Mabe Trucking Co., Inc.*, 3 F.4th 788, 793 (5th Cir. 2021).

[4] 28 U.S.C. § 1406(a).

[5] *Id.*

to the claim occurred."[6]  "[A]n entity with the capacity to sue and be sued in its common name under applicable law . . . shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction."[7]  Thus, a proper venue for Yima to sue an entity such as Ming is any district in which Ming is subject to the court's personal jurisdiction.

### III. Legal Analysis

### A. Venue in the Northern District of Texas

Yima filed this lawsuit in the Northern District of Texas.  However, in its complaint, Yima provided no detail as to why venue is proper.  Instead, Yima merely offered the conclusory statement that "[v]enue is proper in this District pursuant to 28 U.S.C. § 1391."[8]  Yima's basis for this Court's personal jurisdiction over Ming is similarly scant.  Yima vaguely points to Ming's "substantial business in this State and District, including: regularly conducting and soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from Texas residents."[9]  For its part, Ming denied that this Court has personal jurisdiction over it or that venue is proper.

There are two categories of personal jurisdiction: general jurisdiction and specific jurisdiction.[10]  A court has general jurisdiction "over foreign . . . corporations

---

[6] 28 U.S.C. § 1391(b)(1–2).

[7] 28 U.S.C. § 1391(c)(2).

[8] Doc. 1 at 3.

[9] *Id.*

[10] *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

3

to hear any and all claims against them when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State."[11]   Generally, corporations are "essentially at home" only in their state of incorporation and principal place of business.[12]   Doing a lot of business in a state is not enough for a company to be essentially at home in that state.[13]

Ming is incorporated in California and has a Vancouver mailing address.  Ming is clearly subject to general jurisdiction in California.  However, other than selling products online that can be purchased by consumers in Texas, Ming does not appear to have any connection to Texas, nor does Yima argue otherwise.

Even if Ming does "substantial business" in Texas, it is not subject to general jurisdiction there.  Yima's logic appears to be that Ming sells its products nationwide and, as a result, does some business in Texas.  The Fifth Circuit has expressly rejected this "greater includes lesser" logic.[14]   Ming is thus not essentially at home in Texas and is not subject to general jurisdiction in this Court.

As a result, the only way venue is proper in this Court is if it has specific jurisdiction over Ming.  For specific jurisdiction to be proper, a defendant "must take 'some act by which [it] purposefully avails itself of the privilege of conducting

---

[11] *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)) (cleaned up).

[12] *Id.* at 924.

[13] *See BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 414 (2017) (holding "over 2,000 miles of railroad track and more than 2,000 employees in Montana" was not enough to render BNSF "essentially at home" in Montana).

[14] *See Admar Intl., Inc. v. Eastrock, L.L.C.*, 18 F.4th 783, 787 (5th Cir. 2021) (rejecting personal jurisdiction under the theory that, because the defendant's "website targets the entire United States . . . it necessarily targets Louisiana.").

activities within the forum State.'"[15]  Even if a defendant has purposely availed itself of a state, a plaintiff's claims "must arise out of or relate to the defendant's contacts with the forum."[16]  This means "there must be an affiliation between the forum and the underlying controversy."[17]

Nowhere does Yima argue that Ming's patent infringement claim with Amazon is connected to Texas.  This case does not arise from nor relate to specific sales made by Ming to customers in Texas.  Plaintiff argues that "Texas . . . has a stake in deterring bad faith intellectual property takedown conduct that harms sellers, especially when it affects Texas consumers."[18]  This logic applies equally to every state in which Ming does business.  In sum, there is no specific affiliation between Texas and the lawsuit.  Thus, 28 U.S.C. § 1404 is inapplicable, as a transfer under section 1404 requires starting in a proper venue.

## B. Transfer or Dismissal Under 28 U.S.C. § 1406

As an improper venue, the Court has two options: to "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."[19]  As the Fifth Circuit has noted, "[w]here venue is improper, the district court should generally dismiss the case."[20]  If "a plaintiff's attorney

---

[15] *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

[16] *Ford*, 592 U.S. at 359 (cleaned up).

[17] *Id.* (cleaned up).

[18] Doc. 10 at 14.

[19] 28 U.S.C. § 1406(a).

[20] *Seville v. Maersk Line, Ltd.*, 53 F.4th 890, 894 (5th Cir. 2022).

reasonably could have foreseen that the forum in which the suit was filed was improper, courts often dismiss rather than transfer."[21]   A common reason for transferring a case rather than dismissing it is to avoid costing the plaintiff a chance to refile in a proper venue due to the statute of limitations.[22]

Yima could not have reasonably expected to sue Ming in Texas.  Not only is Ming not a resident of Texas, but the patent infringement claims that underlie this action have no connection to Texas whatsoever.  Yima does not appear to be at risk of losing its cause of action due to a statute of limitations.  As a result, the interest of justice does not compel the Court to transfer the case to a proper venue.[23]

## IV. Conclusion

For the reasons detailed above, the Court, therefore, **DISMISSES** this case without prejudice.

**IT IS SO ORDERED** this 10th day of September, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[21] *Id.* (cleaned up).

[22] *See, e.g., Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) (calling avoiding a statute of limitations issue "a typical example of the problem sought to be avoided").

[23] As noted above, it is clear that the defendant is subject to general jurisdiction in California. However, because the Northern District of Texas is an improper venue and the Court is not required to transfer the case due to the interest of justice, the Court does not reach the question of whether the Eastern District of Virginia is a proper venue.